**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JUUL LABS, INC.,**   Plaintiff,  v.  **NILKANT 167, INC.,**   Defendant. | Civil Action No. 20-11304  **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Juul Labs, Inc. ("JLI"), by its attorneys, for its complaint for patent infringement against Nilkant 167, Inc., alleges as follows:

## NATURE OF THE SUIT

1. This is a civil action arising out of Nilkant 167, Inc.'s ("Defendant") patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

2. Defendant's accused products infringe the sole claim of U.S. Patent No. D842,536, the sole claim of U.S. Patent No. D858,870, the sole claim of U.S. Patent No. D858,869, and the sole claim of U.S. Patent No. D858,868 (collectively, the "Asserted Patents").

## PARTIES

3. JLI is a corporation organized in the State of Delaware, with its principal place of business at 560 20th Street, San Francisco, CA 94107.

4. On information and belief, defendant Nilkant 167, Inc. is a domestic company having an address of 167 Newbury St., Boston MA 02116.

5. On information and belief, Nilkant 167, Inc. uses at least the following location to transact business: a store front called City Smoke, located at 167 Newbury St., Boston MA 02116.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over JLI's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant at least because Defendant is incorporated in this District, has purposefully distributed the accused "ES JUUL COMPATIBLE PODS" products in this District, made those products available for sale through an established distribution chain, and JLI's cause of action for patent infringement arises out of those activities.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because Defendant resides in and is a corporate citizen of this District and because Defendant has committed acts of infringement in this District.

### COUNT I.: Infringement of the D'536 Patent

9.      JLI repeats and re-alleges paragraphs 1-8 as if fully set forth herein.

10.     U.S. Patent No. D842,536 (the "D'536 patent") was duly and lawfully issued by the United States Patent and Trademark Office on March 5, 2019 to JLI.  The D'536 patent is titled "Vaporizer Cartridge," names Adam Bowen, James Monsees, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan as co-inventors, and issued from U.S. Patent Application No. 35/001,170, which was filed on July 28, 2016.

11.     The D'536 patent was duly assigned to JLI, which is the owner of all right, title, and interest in and to the D'536 patent and possesses the exclusive right of recovery for past, present, and future infringement.  Each and every claim of the D'536 patent is valid and enforceable.  A true and correct copy of the D'536 patent is attached as Exhibit A.

12.     Defendant has been, and presently is, infringing claim 1 of the D'536 patent within this District and elsewhere by using, making, selling, offering to sell, and/or importing into the United States, products identified in this Complaint in violation of 35 U.S.C. §§ 271(a) and 289.  Without limitation, this includes ES JUUL COMPATIBLE PODS products.

13.     JLI is informed and believes, and on that basis alleges, that Defendant's infringement of the D'536 patent has been and continues to be intentional, willful, and without regard to JLI's rights. Defendant has had knowledge of the D'536 patent since at least the date that this Complaint was served. Defendant has had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the infringing nature of its activities, with

respect to the D'536 patent since at least service of this Complaint. Defendant's infringement has been and continues to be willful since at least service of this Complaint.

14. JLI is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the D'536 patent.

15. JLI has sustained damages as a direct and proximate result of Defendant's infringement of the D'536 patent.

16. JLI will suffer and is suffering irreparable harm from Defendant's infringement of the D'536 patent. JLI has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the D'536 patent. Unless enjoined, Defendant will continue its infringing conduct.

## COUNT II.: Infringement of the D'870 Patent

17. JLI repeats and re-alleges paragraphs 1-16 as if fully set forth herein.

18. U.S. Patent No. D858,870 (the "D'870 patent") was duly and lawfully issued by the United States Patent and Trademark Office on September 3, 2019 to JLI. The D'870 patent is titled "Vaporizer Cartridge," names Adam Bowen, Steven Christensen, Christopher Nicholas HibmaCronan, James Monsees, and Joshua Morenstein as co-inventors, and issued from U.S. Patent Application No. 29/662,037, which was filed on August 31, 2018.

19. The D'870 patent was duly assigned to JLI, which is the owner of all right, title, and interest in and to the D'870 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the D'870 patent is valid and enforceable. A true and correct copy of the D'870 patent is attached as Exhibit B.

20. Defendant has been, and presently is, infringing claim 1 of the D'870 patent within this District and elsewhere by using, making, selling, offering to sell, and/or importing

into the United States, products identified in this Complaint in violation of 35 U.S.C. §§ 271(a) and 289. Without limitation, this includes ES JUUL COMPATIBLE PODS products.

21. JLI is informed and believes, and on that basis alleges, that Defendant's infringement of the D'870 patent has been and continues to be intentional, willful, and without regard to JLI's rights. Defendant has had knowledge of the D'870 patent since at least the date that this Complaint was served. Defendant has had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the infringing nature of its activities, with respect to the D'870 patent since at least service of this Complaint. Defendant's infringement has been and continues to be willful since at least service of this Complaint.

22. JLI is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the D'870 patent.

23. JLI has sustained damages as a direct and proximate result of Defendant's infringement of the D'870 patent.

24. JLI will suffer and is suffering irreparable harm from Defendant's infringement of the D'870 patent. JLI has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the D'870 patent. Unless enjoined, Defendant will continue its infringing conduct.

**COUNT III.: Infringement of the D'869 Patent**

25. JLI repeats and re-alleges paragraphs 1-24 as if fully set forth herein.

26. U.S. Patent No. D858,869 (the "D'869 patent") was duly and lawfully issued by the United States Patent and Trademark Office on September 3, 2019 to JLI. The D'869 patent is titled "Vaporizer Cartridge," names Adam Bowen, Steven Christensen, Christopher Nicholas HibmaCronan, James Monsees, and Joshua Morenstein as co-inventors, and issued from U.S. Patent Application No. 29/661,973, which was filed on August 31, 2018.

27. The D'869 patent was duly assigned to JLI, which is the owner of all right, title, and interest in and to the D'869 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the D'869 patent is valid and enforceable. A true and correct copy of the D'869 patent is attached as Exhibit C.

28. Defendant has been, and presently is, infringing claim 1 of the D'869 patent within this District and elsewhere by using, making, selling, offering to sell, and/or importing into the United States, products identified in this Complaint in violation of 35 U.S.C. §§ 271(a) and 289. Without limitation, this includes ES JUUL COMPATIBLE PODS products.

29. JLI is informed and believes, and on that basis alleges, that Defendant's infringement of the D'869 patent has been and continues to be intentional, willful, and without regard to JLI's rights. Defendant has had knowledge of the D'869 patent since at least the date that this Complaint was served. Defendant has had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the infringing nature of its activities, with respect to the D'869 patent since at least service of this Complaint. Defendant's infringement has been and continues to be willful since at least service of this Complaint.

30. JLI is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the D'869 patent.

31. JLI has sustained damages as a direct and proximate result of Defendant's infringement of the D'869 patent.

32. JLI will suffer and is suffering irreparable harm from Defendant's infringement of the D'869 patent. JLI has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the D'869 patent. Unless enjoined, Defendant will continue its infringing conduct.

### COUNT IV.: Infringement of the D'868 Patent

33. JLI repeats and re-alleges paragraphs 1-32 as if fully set forth herein.

34. U.S. Patent No. D858,868 (the "D'868 patent") was duly and lawfully issued by the United States Patent and Trademark Office on September 3, 2019 to JLI. The D'868 patent is titled "Vaporizer Cartridge," names Adam Bowen, Steven Christensen, Christopher Nicholas HibmaCronan, James Monsees, and Joshua Morenstein as co-inventors, and issued from U.S. Patent Application No. 29/661,968, which was filed on August 31, 2018.

35. The D'868 patent was duly assigned to JLI, which is the owner of all right, title, and interest in and to the D'868 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the D'868 patent is valid and enforceable. A true and correct copy of the D'868 patent is attached as Exhibit D.

36. Defendant has been, and presently is, infringing claim 1 of the D'868 patent within this District and elsewhere by using, making, selling, offering to sell, and/or importing into the United States, products identified in this Complaint in violation of 35 U.S.C. §§ 271(a) and 289. Without limitation, this includes ES JUUL COMPATIBLE PODS products.

37. JLI is informed and believes, and on that basis alleges, that Defendant's infringement of the D'868 patent has been and continues to be intentional, willful, and without regard to JLI's rights. Defendant has had knowledge of the D'868 patent since at least the date that this Complaint was served. Defendant has had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the infringing nature of its activities, with respect to the D'868 patent since at least service of this Complaint. Defendant's infringement has been and continues to be willful since at least service of this Complaint.

38. JLI is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the D'868 patent.

39. JLI has sustained damages as a direct and proximate result of Defendant's infringement of the D'868 patent.

40. JLI will suffer and is suffering irreparable harm from Defendant's infringement of the D'868 patent. JLI has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the D'868 patent. Unless enjoined, Defendant will continue its infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, JLI requests entry of judgment against Defendant as follows:

A. That Defendant and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with it and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to JLI all products that infringe the Asserted Patents;

B. A judgment that Defendant has infringed each of the Asserted Patents;

C. An award of damages for infringement of the Asserted Patents together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendant's infringement, as provided by 35 U.S.C. § 284;

D. An accounting of Defendant's profits pursuant to 35 U.S.C. § 289;

E. Costs of suit;

F. Finding of the case to be exceptional under 35 U.S.C. § 285, and an award of JLI's reasonable attorneys' fees;

G. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law; and

H.  Such other relief as the Court may deem just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, JLI respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: July 10, 2020                                  Respectfully submitted,

By: */s/ Patrick D. Curran*
Patrick D. Curran
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel.:   (617) 712-7100
Fax:   (617) 712-7200

Kevin P.B. Johnson
Victoria F. Maroulis
Andrew M. Holmes
Olga Slobodyanyuk
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Tel.:   (650) 801-5000
Fax:   (650) 801-5100

*Attorneys for Plaintiff*
*JUUL LABS, INC.*